891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BANK OF MAUI, National Association, Plaintiff-Appellant,
v.
ESTATE ANALYSIS, INC., dba Zales Insurance, William Z.
Zales, T. Sue Zales, Western United Life Assurance Co.,
Transamerica Insurance Group, Transamerica Insurance
Company, Transamerica Premiere Insurance Company, Triad
Insurance Agency, Inc., Defendants-Appellees.
 No. 88-15430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 The Bank of Maui ("Bank") appeals the district court's order affirming the bankruptcy court's award of sanctions under Bankruptcy Rule 9011[1] to Transamerica Insurance Group ("Transamerica") and Estate Analysis on the ground the Bank's complaint was unwarranted under existing law, legally erroneous, and frivolous. We reverse the award of sanctions.
 
 DISCUSSION
 
 3
 The issue raised is whether the Bank's argument that it had standing to sue another creditor to set aside a fraudulent transfer is warranted under existing law or is susceptible to a good faith argument for the extension, modification, or reversal of existing law. The Bank relied on Matter of Marin Aviation, Inc., 53 Bankr. 497 (B.C.N.J.1984), in support of its position that it had standing to bring the present action.
 
 
 4
 The district court held that in light of In re Curry and Sorensen, Inc., 57 Bankr. 824 (Bankr. 9th Cir.1986), the Bank's complaint was clearly not warranted under existing law. However, a decision of the bankruptcy appellate panel ("BAP"), while authoritative, is not controlling law in this circuit. Rather, a BAP decision carries the weight of a single district court opinion. See 28 U.S.C. § 158(a)-(b)(1) (1984) (provides for an appeal either to the BAP or the district court). Accordingly, it is erroneous to say that Curry is controlling law and that the Bank's reliance on Marin Aviation was therefore clearly frivolous and unreasonable.
 
 
 5
 While Marin Aviation is a minority viewpoint, it is clear authority for the Bank's position under the facts of this case. The fact that it failed to persuade the district court on the merits is not demonstrative of the Bank's lack of good faith in attempting to advance the law. An award of sanctions under Rule 11 is an exceptional remedy and "must not be turned into a bar to legal process." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir.1988). Accordingly, we vacate the award of sanctions.
 
 
 6
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Bankruptcy Rule 9011 is the equivalent of Fed.R.Civ.Pro. 11. Both provide that the district court may award appropriate sanctions if the cause of action is not warranted under fact or law